## RINGGOLD vs. RANDOLPH.

The statute of limitations, prescribing ten years as the period of presumption of payment of a judgment, having been repealed before any vested right of defence under it, had accrued to the defendant, he can derive no benefit from it under his plea of payment.

*Scire Facias to revive a judgment.*

FOWLER, for the plaintiff.

TRAPNALL, for the defendant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

At the July Term of this court, 1842, the case of *Ringgold et al. vs. Randolph*, on error to Pulaski Circuit Court, was reversed, and judgment rendered against Randolph, for $15 37 costs.

At the January Term, 1854, on the suggestion of Ringgold, of the death of his co-plaintiffs in error, and that said judgment for cost remained unsatisfied, a *scrie facias* was ordered by the court against Randolph, requiring him to show cause why the judgment should not be revived, and execution issued, in the name of Ringgold, as surviving plaintiff, returnable to July Term, 1854. *Scire facias* was accordingly issued on the 10th of April, 1854.

Randolph pleaded payment, to which issue was taken, and the cause submited at the present term, without any proof of actual payment, the defendant relying upon the presumption of payment arising from lapse of time.

The 30*th section, chap.* 91, *Revised Statutes*, which was in force when the judgment in this case was rendered, declares, that "every judgment or decree, which may hereafter be rendered in any court of this State, or elsewhere, shall be presumed to be paid and satisfied after the expiration of ten years from the time of rendering the same," &c.

By *sec.* 5, *act of* 14*th December*, 1844, (*Pamphlet Acts*, 1844, *p.* 25) the above section of the Revised Statutes was expressly repealed. This repeal having been made long before any vested right of defence, under the repealed statute, accrued to the defendant, he can derive no benefit from it, under his plea of payment in this case.

By the common law, the presumption of payment of a judgment, does not arise until after the lapse of twenty years from the date of the judgment. *Woodruff vs. Sanders as admr., July Term*, 1854.

The finding is against the defendant's plea, and the judgment will be revived, and execution ordered, &c.

Absent, Mr. Justice WALKER.